Filed 9/27/23  P. v. McEachron CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081361 |
| v. | (Super.Ct.No. FELVS2200010) |
| BILLY McEACHRON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon Faherty, Judge.  Affirmed.

Billy McEachron, in pro. per.; and Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A petitioner convicted of a sex offense requiring sex offender registration must continuously reside in California for a minimum period of 10 years before filing a petition to obtain a certificate of rehabilitation. (Pen. Code, §§ 4852.03, subd. (a)(2)(A), 4852.06; unlabeled statutory references are to this code.) Billy Ray McEachron's petition for a certificate of rehabilitation was denied on the ground that he did not satisfy the residency requirement. McEachron appeals, and we affirm.

BACKGROUND

In October 2022, McEachron filed a petition under sections 4852.01 and 4852.06 for a certificate of rehabilitation from a 2010 felony conviction under section 69. In the petition, McEachron stated that he had continuously resided in California since July 2022. McEachron listed four additional felony convictions he sustained from 1982 to 2003, including a conviction in 2003 under section 243.4, subdivision (a), for sexual battery. A person convicted of a felony under section 243.4 is subject to a lifetime sex offender registration requirement. (§ 290, subds. (c)(1), (d)(3)(J).)

McEachron authorized the district attorney's office to investigate his record and character. McEachron filled out a questionnaire from the district attorney's office in which he provided a residence address in California, where he stated that he was living for a monthly rental payment. Asked to identify where he had resided since being released from prison, McEachron answered, "unknown [d]isabled unable to recall."

An investigator from the district attorney's office interviewed McEachron. The investigator told McEachron that he had found addresses in Arizona associated with McEachron. McEachron confirmed that he lived with his sister in Arizona for two to

2

four years before July 2022 and that he lived somewhere else in Arizona for the month of August 2022. McEachron moved to California in September 2022 for the purpose of filing the petition for a certificate of rehabilitation. McEachron showed the investigator a valid driver's license from Arizona, with an expiration date in 2025 and a residence address for McEachron in Arizona. The investigator recommended that the court deny the petition because McEachron had not continuously resided in California for the minimum required period under section 4852.06.

Appointed counsel for McEachron filed a memorandum of points and authorities in support of the petition. Counsel argued that McEachron had been unhoused since his release from prison and that "McEachron is and has been a resident of California for five years prior[] to the filing." (Boldface, capitalization, and underlining omitted.) No evidence concerning McEachron's housing status was submitted with the memorandum.

The trial court denied the petition because McEachron had not lived in California for 10 years before filing the petition.

DISCUSSION

We appointed counsel to represent McEachron on appeal, and counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, asking us to conduct an independent review of the record. We gave McEachron the opportunity to file a personal supplemental brief, advising him that we would evaluate any specific arguments he presented in that brief and that failure to file such a brief could result in dismissal of this appeal. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232-233.)

3

McEachron filed a supplemental brief. He does not raise any arguments concerning the trial court's determination that McEachron has not lived in California for the minimum statutory period necessary to obtain a certificate of rehabilitation. (§§ 4852.03, subd. (a)(2)(A), 4852.06.) McEachron instead provides an account of the facts of his life in general and the events that transpired before and after the conviction that caused him to be required to register as a sex offender. McEachron does not provide any citation to the record to support his factual assertions, and in any event none of the facts is relevant to the court's denial of his petition for a certificate of rehabilitation, which was based entirely on the 10-year residency requirement. Because McEachron does not present any legal argument capable of showing that the trial court prejudicially erred by denying the petition, we affirm the trial court's order.

### DISPOSITION

The May 5, 2023, order denying McEachron's petition for a certificate of rehabilitation is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.
CODRINGTON
J.

4